# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1995V
Filed: June 7, 2019
UNPUBLISHED

| | |
|---|---|
| HEATHER LYNCH,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 20, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on July 12, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 10, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On June 6, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $55,00.00 in actual

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).


and projected pain and suffering, $49.87 for past unreimbursable expenses, and $2,971.02 for full satisfaction of a Medicaid lien.  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner:**

a. **A lump sum payment of $55,049.87 in the form of a check payable to petitioner, Heather Lynch (consisting of $55,00.00 for pain and suffering and $49.87 for unreimbursable expenses).**  This amount represents compensation for all damages that would be available under § 300aa-15(a), except as set forth in paragraph b; and,

b. **A lump sum payment of $2,971.02, representing compensation for satisfaction of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and**

> Meridian Resource Company LLC
> Attn: Subrogation Department
> P.O. Box 659940
> San Antonio, TX 78265-9939
> File No. 75538498

Petitioner agrees to endorse this payment to the appropriate State agency.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<div style="text-align: right;">

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

</div>

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| HEATHER LYNCH,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 17-1995V<br>Chief Special Master Dorsey<br>ECF |

**PROFFER ON AWARD OF DAMAGES**

On December 20, 2017, Heather Lynch ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on April 5, 2019. Based on Respondent's Rule 4(c) Report the Chief Special Master found petitioner entitled to compensation.

**I.   Items of Compensation**

    **A**.   **Pain and Suffering**

Respondent proffers that petitioner should be awarded $55,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    **B**.   **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $49.87. Petitioner agrees.

### C.     Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Maryland Medicaid lien in the amount of $2,971.02, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Maryland may have against any individual as a result of any Medicaid payments the State of Maryland has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about July 12, 2016, under Title XIX of the Social Security Act. Petitioner agrees.

### II.     Form of the Award

Respondent recommends that compensation provided to petitioner through the lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:

a.     A lump sum of **$55,049.87**, representing compensation for pain and suffering ($55,000.00) and past unreimbursable expenses ($49.87), in the form of a check payable to petitioner.[1] This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph II.b; and

b.     A lump sum of **$2,971.02,** which amount represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner[2] and

        Meridian Resource Company LLC
        Attn: Subrogation Department
        PO Box 659940
        San Antonio, TX 78265-9939
        File No.: 75538498

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[2] Petitioner agrees to endorse this payment to the appropriate State agency.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

  s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1586

Date:   June 6, 2019